**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
Jose Eduardo Rodea,   Case No.: 21-cv-00217

                               *Plaintiff*,

                *-against-*   **ANSWER WITH AFFIRMATIVE DEFENSES**

New York Diner, Inc., and Paula Rivadeneira,

                               *Defendants*.
-----------------------------------------------------------------------X

      Defendants New York Diner, Inc., and Paula Rivadeneira (together, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, dated January 14, 2021, (the "Complaint") of Jose Eduardo Rodea (the "Plaintiff"), hereby admit, deny and allege as follows:

## INTRODUCTION

1. The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required.

2. Defendants deny the allegations contained in paragraph "2" of the Complaint.

3. Defendants deny the allegations contained in paragraph "3" of the Complaint.

4. Defendants deny the allegations contained in paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

6. The allegations contained in paragraph "6" of the Complaint set forth legal conclusions for which no response is required.

7. The allegations contained in paragraph "7" of the Complaint set forth legal conclusions for which no response is required.

## THE PARTIES

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

## NATURE OF THE ACTION

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

14. The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required.

## STATEMENT OF FACTS

15. Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Complaint.

17. Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. No response is required to the statement set forth in paragraph "36".

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in paragraph "47" of the Complaint.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Wage Violations)

48. No response is required to the statement set forth in paragraph "48".

49. The allegations contained in paragraph "49" of the Complaint set forth legal conclusions for which no response is required.

50. The allegations contained in paragraph "50" of the Complaint set forth legal conclusions for which no response is required.

51. The allegations contained in paragraph "51" of the Complaint set forth legal conclusions for which no response is required.

52. The allegations contained in paragraph "52" of the Complaint set forth legal conclusions for which no response is required.

53. The allegations contained in paragraph "53" of the Complaint set forth legal conclusions for which no response is required.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. The allegations contained in paragraph "55" of the Complaint set forth legal conclusions for which no response is required.

56. The allegations contained in paragraph "56" of the Complaint set forth legal conclusions for which no response is required.

57. The allegations contained in paragraph "57" of the Complaint set forth legal conclusions for which no response is required.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

58. No response is required to the statement set forth in paragraph "58".

59. The allegations contained in paragraph "59" of the Complaint set forth legal conclusions for which no response is required.

60. The allegations contained in paragraph "60" of the Complaint set forth legal conclusions for which no response is required.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required.

62. The allegations contained in paragraph "62" of the Complaint set forth legal conclusions for which no response is required.

63. The allegations contained in paragraph "63" of the Complaint set forth legal conclusions for which no response is required.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

64. No response is required to the statement set forth in paragraph "64".

65. The allegations contained in paragraph "65" of the Complaint set forth legal conclusions for which no response is required.

66. The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required.

67. The allegations contained in paragraph "67" of the Complaint set forth legal conclusions for which no response is required.

68. The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required.

### FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Keep Records)

69. No response is required to the statement set forth in paragraph "69".

70. Defendants deny the allegations contained in paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in paragraph "71" of the Complaint.

72. Defendants deny the allegations contained in paragraph "72" of the Complaint.

73. Defendants deny the allegations contained in paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in paragraph "74" of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Provide Spread of Hours Compensation)

75. No response is required to the statement set forth in paragraph "75".

76. The allegations contained in paragraph "76" of the Complaint set forth legal conclusions for which no response is required.

77. Defendants deny the allegations contained in paragraph "77" of the Complaint.

78. The allegations contained in paragraph "78" of the Complaint set forth legal conclusions for which no response is required.

### SIXTH CLAIM FOR RELIEF
### (FLSA Retaliation)

79. No response is required to the statement set forth in paragraph "79".

80. The allegations contained in paragraph "80" of the Complaint set forth legal conclusions for which no response is required.

81. The allegations contained in paragraph "81" of the Complaint set forth legal conclusions for which no response is required.

82. The allegations contained in paragraph "82" of the Complaint set forth legal conclusions for which no response is required.

83. The allegations contained in paragraph "83" of the Complaint set forth legal conclusions for which no response is required.

84. The allegations contained in paragraph "84" of the Complaint set forth legal conclusions for which no response is required.

85. The allegations contained in paragraph "85" of the Complaint set forth legal conclusions for which no response is required.

86. The allegations contained in paragraph "86" of the Complaint set forth legal conclusions for which no response is required.

87. The allegations contained in paragraph "87" of the Complaint set forth legal conclusions for which no response is required.

88. The allegations contained in paragraph "88" of the Complaint set forth legal conclusions for which no response is required.

89. The allegations contained in paragraph "89" of the Complaint set forth legal conclusions for which no response is required.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Retaliation)

90. No response is required to the statement set forth in paragraph "90".

91. The allegations contained in paragraph "91" of the Complaint set forth legal conclusions for which no response is required.

92. The allegations contained in paragraph "92" of the Complaint set forth legal conclusions for which no response is required.

93. The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94. The allegations contained in paragraph "94" of the Complaint set forth legal conclusions for which no response is required.

95. The allegations contained in paragraph "95" of the Complaint set forth legal conclusions for which no response is required.

96. The allegations contained in paragraph "96" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

97. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

98. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

99. Assuming arguendo, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

100. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York state

law, such claims of Plaintiff are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

101. Defendants did not engage in willful or unlawful conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102. As to any liquidated damage or other claim of the Plaintiff, Defendants assert they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendants' policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103. Defendants are relieved of any liability for Plaintiff's wage claim to the extent that the claims are premised upon traveling to and from the actual place of performance, activities which are preliminary and/or post-liminary to the alleged principal activity of employment because such activities were not compensable by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provide for in 29 U.S.C. 207, 213 and its state law equivalents.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

105. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

## DEFENDANTS' GENERAL DEFENSES

## FIRST GENERAL DEFENSE

106. Plaintiff was paid in accordance with all applicable law.

## RESERVATION OF RIGHTS

107. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## RESERVATION OF RIGHTS

108. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

109. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demands judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: April 2, 2021
    New York, New York

By:     /s/*Joshua D. Levin-Epstein*
        Joshua D. Levin-Epstein, Esq.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Telephone: (212) 792-0046
        Facsimile: (212) 563-7108
        Email: joshua@levinepstein.com
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

>Shalom Law, PLLC
>Attn:   Jonathan Shalom
>105-13 Metropolitan Avenue
>Forest Hills, NY 11375
>*Attorneys for Plaintiff*

>/s/*Joshua D. Levin-Epstein*
>Joshua D. Levin-Epstein, Esq.