

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

August 12, 2021

**VIA ECF**
Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East Chambers 304N
Brooklyn, New York 11201

  *Re:* Rodea v. New York Diner, Inc., *et ano.*
    Case No.: 1:21-cv-217 (ERK) (SJB)
    <u>Plaintiff's Motion to Compel Defendants to Appear for Mediation</u>

Dear Judge Bulsara,

  This office represents the Plaintiff Jose Eduardo Rodea (hereinafter "Plaintiff") in the above-referenced case. Plaintiff writes this letter motion to seek relief for Defendants' refusal to participate in mediation for Plaintiff's alleged failure to respond to discovery.

**<u>Background</u>**

  With Plaintiff's consent, Defendants have filed a letter motion on July 21, 2021, Dkt. No. 12 requesting to extend the mediation completion deadline from July 20, 2021, to and through August 19, 2021. This Court had granted Defendants request on July 22, 2021, Dkt. No. 12 and ordered the deadline for the parties to complete mediation up until August 19, 2021. In compliance with the Court's Order, the parties had scheduled and confirmed the Mediation session to take place with Mediator- Roger Briton at 10:00 am on August 19, 2021.

  Defendants served discovery demands upon Plaintiff on [date]. Plaintiff responded on [date]. At the eleventh hour, Defendants served Plaintiff with a letter concerning "discovery deficiencies" and demanding the same be addressed with a self-imposed deadline of a mere 48 hours- by Friday, August 13, 2021. Plaintiff notified Defendant that such a request is unreasonable and sought consent for a thirty (30) day extension to address Defendant's deficiencies. Defendants' response made it evident why they suddenly sought to pursue deficiencies.

  Defendants stated that they would consent to the requested extension of time only if: "1. You request an extension of time to complete fact discovery by 30 days. 2. You request an extension of time to complete mediation by 30 days. 3. We adjourn the mediation to a mutually agreeable date and time after the disclosure of your amended responses." Plaintiff once again informed Defendant's counsel that it is unreasonable to insist deficiencies be addressed and

responded to within a mere 48 hours before an already scheduled and confirmed Mediation session, to which Defendants responded with a demand to meet and confer prior to seeking court intervention. Plaintiff is unavailable to meet and confer to address the discovery issues raised on such short notice, and needs time to consult with counsel before responding to Defendants.

It is Plaintiff's position that Defendant's counsel is acting in bad faith in order to further delay and avoid attending Mediation on this matter and complying with the Court's Order on July 22, 2021, directing the parties to complete mediation by August 19, 2021.

Rule 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)).

Accordingly, this Court should Order Defendants and their counsel to appear for the mediation with full settlement authority and in good faith and award sanctions in the form of attorneys' fees in the event they fail to do so.

Dated: Forest Hills, New York
       August 12, 2021                              Respectfully submitted,

                                                    **SHALOM LAW, PLLC**

                                                    /s/ *Jonathan Shalom*
                                                    Jonathan Shalom, Esq.
                                                    105-13 Metropolitan Avenue
                                                    Forest Hills, NY 11375
                                                    Jonathan@ShalomLawNY.com
                                                    (718) 971-9474 (office)

                                                    *Attorneys for Plaintiff*