# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street• Suite 2727 • New York, NY 10165 • T: 212.792-0046
E: jason@levinepstein.com

The Honorable Sanket J. Bulsara, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Rodea v. New York Diner, Inc. et al*
              **Case No.: 1:21-cv-00217**

Dear Honorable Magistrate Judge Bulsara:

      This law firm represents Defendants New York Diner, Inc. and Paula Rivadeneira (together, the "Defendants") in the above-referenced matter.

      Pursuant to Rule IV(B) of Your Honor's Individual Motion Practices, this letter respectfully serves to respond to Plaintiff Jose Eduardo Rodea's ("Plaintiff") August 12, 2021 letter to compel Defendants to appear for the virtual mediation scheduled for Thursday, August 19, 2021. [Dckt. No. 14] ("Plaintiff's Motion").

      This letter further serves as a cross-motion to: (i) compel Plaintiff to produce supplemental responses to Defendants' First Set of Interrogatories, *without objections*; (ii) compel Plaintiff to produce supplemental responses to Defendants' First Request for the Production of Documents[1], *without objections*; and (iii) sanction Plaintiff's counsel for attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. 26(g), Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927.

      As set forth more fully below, Plaintiff's responses and objections to Defendants' First Set of Discovery Requests are grossly deficient because: (i) Plaintiff's interrogatories are not verified; (ii) Plaintiff's responses contain improper boiler-plate general objections as to relevancy, overbreadth, undue burden, and disproportionality; (iii) Plaintiff's responses contain improper boiler-plate general objections as to privilege; (iii) Plaintiff's responses contain improper boiler-plate reservations; and (iv) Plaintiff has still failed to respond to *virtually any* of Defendants' First Set of Interrogatories.

      Perhaps even more galling, Plaintiff has stonewalled Defendants' efforts to consensually resolve this matter by threatening, and pursuing, unnecessary motion practice. Thus, an award of attorneys' fees is warranted.

**I.    Plaintiff's Motion to Compel was Filed in Derogation of Your Honor's Rules, Fed.R.Civ.P. 37(a), and Local Civil Rules 37.3 and 26.4**

      First, Plaintiff's Motion was filed in derogation of Local Civil Rule ("LCR") 37.3, 26.4 and Your Honor's Individual Motion Practice Rule IV(B). As the Court is well aware, LCR 37.3

---

[1] Defendants' First Request for the Production of Documents, together with Defendants' First Set of Interrogatories are hereinafter referred to as, "Defendants' First Set of Discovery Requests".

1

("Good-Faith Effort to Resolve") and LCR 26.4 ("Cooperation Among Counsel in Discovery") obligates Plaintiff's counsel to, *inter alia*, confer in good faith in person or by telephone in an effort to resolve the dispute prior to making his application. Your Honor's Individual Practice Rule IV(B) expressly requires movants to: "must make a good faith effort, pursuant to Local Civil Rule 26.4 and Federal Rule 37(a)(1), to resolve disputes, including discussion either by telephone, video conference, or in person, before making a motion."

As reflected in Plaintiff's Motion, Plaintiff's counsel did not make a good faith effort to resolve the dispute – despite multiple meet-and-conferral attempts by the undersigned.

Plaintiff's failure to comply with this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the Motion for Reconsideration. *See Rosen v. N. Shore Towers Apartments, Inc.*, 2011 WL 839505, at *3 (E.D.N.Y 2011); *see also* Your Honor's Individual Practice Rule IV(B) ("Failure to comply with this requirement, or to include a certification of such efforts consistent with Rule 37(a)(1), will result in the denial of the motion.")

**II.     Plaintiff's Motion to Compel is Moot, because Defendants are Prepared to Attend the August 19th Mediation**

Contrary to the representations in Plaintiff's Motion, Defendants remain prepared to attend the August 19, 2021 mediation, notwithstanding Plaintiff's counsel's litigation misconduct.

Thus, the relief requested in Plaintiff's Motion is moot, and Plaintiff's motion should be denied.

**III.    Relevant Procedural Background for Non-Compliance with Duly Served Discovery**

On April 2, 2021 on behalf of Defendants, the undersigned served Plaintiff with, *inter alia*:

1. Defendants' First Set of Interrogatories; and

2. Defendants' First Request for the Production of Documents;

A true and correct copy of Defendants' First Set of Interrogatories is annexed hereto as **Exhibit "A"**. A true and correct copy of Defendants' First Request for the Production of Documents is annexed hereto as **Exhibit "B"**. A true and correct copy of the April 2, 2021 confirmatory electronic mail correspondence to Plaintiff's counsel, memorializing service of the aforementioned discovery requests, is annexed hereto as **Exhibit "C"**.

Pursuant to Fed.R.Civ.P. 34(b)(2), Plaintiff's responses and objections, if any, to Defendants' First Set of Discovery Requests were due on or before June 6, 2021. Plaintiff failed to respond to Defendants' First Set of Discovery Requests by June 6, 2021. On June 11, 2021, Plaintiff emailed the undersigned responses and objections to Defendants' First Set of Discovery Requests. A true and correct copy of Plaintiff's responses to Defendants' First Set of Discovery Requests is annexed hereto as **Exhibit "D"**.

On August 11, 2021, Defendants served Plaintiff with a deficiency letter outlining deficiencies in Plaintiff's responses, and to attempt to achieve an informal resolution of the discovery dispute. A true and correct copy of the August 11, 2021 deficiency letter is annexed hereto as **Exhibit "E"**. The undersigned also emailed Plaintiff's counsel attorneys multiple times to resolve this matter without intervention of the Court. These efforts were inexplicably and unjustifiably ignored. A true and correct compendium of the above-referenced emails are annexed hereto as **Exhibit "F"**. On Thursday, August 12, 2021, at approximately 2:23 p.m., the undersigned called Plaintiff's counsel to follow up on the August 11, 2021 deficiency letter, and multiple meet-and-confer email attempts. Plaintiff's counsel also ignored this phone call.

In lieu of providing his availability for a meet-and-conferral, Plaintiff's counsel filed the instant motion to compel, in derogation of Fed.R.Civ.P., LCR, and Your Honor's Individual Rules. [*See* § I, *supra*].

The undersigned certifies that Defendants have made a good faith effort to resolve the instant discovery dispute before making the instant cross-motion.

### IV.  Legal Standard for Sanctions

Fed.R.Civ.P. 26(g) requires that "[e]very disclosure under Rule 26(a) (1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Fed.R.Civ.P. 26(g)(1). Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

"By signing a response to a discovery request, an attorney certifies that to the best of her 'knowledge, information, and belief formed after a reasonable inquiry,' the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case.' " *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y 2009) (quoting Fed.R.Civ.P. 26(g)(1)).

"An attorney's inquiry satisfies Rule 26(g) if her inquiry, including her investigation and her resulting conclusions, was objectively reasonable under the circumstances." *Id.* (citing Fed.R.Civ.P. 26(g) advisory committee's note). "In making her inquiry, an attorney may rely, when appropriate, on representations by her client or by other attorneys." *Id.* "Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." *Id.* (quotation omitted). An attorney has made a "reasonable inquiry" if the "investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.... Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Quinby v. WestLB AG*, 04-cv-7406-WHP-HBP, 2005 WL 3453908, at *4 (S.D.N.Y. 2005) (quoting Fed.R.Civ.P. 26(g) advisory committee's note to 1983 Amendment). Absent a court order, Fed.R.Civ.P 26(e) requires counsel to supplement "disclosure[s] under Rule 26(a)" as well as responses to interrogatories, requests for

production, or requests for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing...." Fed.R.Civ.P. 26(e).

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011).

"Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, **sanctions are mandatory**." *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26(g)(3)) (emphasis added). "If a court determines that sanctions are appropriate, Rule 26(g) leaves the nature of the sanction to the court's discretion." *Id.* (citing Fed.R.Civ.P. 26 advisory committee's note."). In the event that sanctions are imposed, the "sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.R.Civ.P. 26(g)(3).

### V. Plaintiff's Failure to Substantively Respond to Defendants' Discovery Requests is not "Substantially Justified"

Plaintiff's counsel cannot provide a credible explanation or justification for defying Fed.R.Civ.Pro. 26(g).

This is *not* the case where Plaintiff is not in possession, custody or control of responsive information to Defendants' First Set of Interrogatories or to Defendants' First Request for the Production of Doucments.

Plaintiff has still failed to respond to *virtually any* of Defendants' First Set of Interrogatories. *See* Ex. D.

### VI. Conclusion

As Defendants' repeated attempts to seek Plaintiff's cooperation were unsuccessful, Defendants now respectfully turns to the Court to compel Plaintiff to produce the outstanding discovery responses.

It is respectfully requested that the Court schedule a telephonic conference at the earliest available date on Defendants' cross-motion to: (i) compel Plaintiff to provide discovery responses, *without objections*, to Defendants' First Set of Interrogatories, *without objections*; (ii) compel Plaintiff to produce supplemental responses to Defendants' First Request for the Production of

4

Documents, *without objections*; and (iii) sanction Plaintiff's counsel for attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. 26(g), Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927; and (iv) for any such other and further relief as this Court may deem just, proper and equitable.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

                                              Respectfully submitted,

                                              LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                  By:  */s/ Jason Mizrahi*
                                          Jason Mizrahi
                                          60 East 42nd Street, Suite 4700
                                        New York, NY 10165
                                        Tel. No.:  (212) 792-0048
                                        Email: Jason@levinepstein.com
                                        *Attorneys for Defendants*

VIA ECF: All Counsel