# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Jose Eduardo Rodea,                                                           Case No.: 21-cv-00217

                                      *Plaintiff*,

                                     -*against*-

New York Diner, Inc., and Paula Rivadeneira,

                                      *Defendants*.
------------------------------------------------------------------------X

## DEFENDANTS' FIRST SET OF
## INTERROGATORIES TO PLAINTIFF

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants New York Diner, Inc., and Paula Rivadeneira (together, the "Defendants") by and through their attorneys, Levin-Epstein & Associates, P.C., hereby request that the Plaintiff Eduardo Rodea (the "Plaintiff") serve upon the undersigned attorneys at 420 Lexington Avenue, Suite 2525 New York, New York 10119 answers, under oath, to each of the following interrogatories within thirty (30) days of service of these interrogatories.

## DEFINITIONS

      Pursuant to Local Rule 26.3 entitled "Uniform Definitions in Discovery Requests" of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York:

      1.     Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

      2.     Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. The terms "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

8. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. Number. The use of the singular form of any word includes the plural and vice versa.

In addition to the Rule 26.3 definitions above, the following definitions shall also apply:

11. Action. The term "Action" means the above-captioned lawsuit.

12. Complaint. The term "Complaint" means Plaintiff's Complaint and any subsequent amendments thereto.

## INSTRUCTIONS

1. The provisions of Local Rules 26.2 and 33.3 relating to claims of privilege and interrogatories apply to and are incorporated by reference.

2. Each interrogatory shall be construed to include information within Plaintiff's knowledge, possession, custody or control or the knowledge, possession, custody or control of Plaintiff's agents, as of the date of this answer to the interrogatories, as well as any information, knowledge, data, documents or communications that subsequently is obtained or discovered and that demonstrates that any answer originally provided in response to these interrogatories was incorrect or incomplete in any way when made or subsequently became incorrect or incomplete; such supplemental information is to be promptly supplied.

3. If the response to each interrogatory should make reference in whole or in part to, or so otherwise requires electronic information, please indicate the extent to which the data, information, records supplied and the information or records relied upon in formulating the answers are contained in any computerized form and attach hereto where appropriate and/or where requested, a true partial or whole copy or copies thereof.

4. If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such answer

   a. Provide such information as can be ascertained without undue burden;

   b. State with particularity the basis for such objection, including:

   i. a description of the process or method required to obtain any fact responsive to the interrogatory;

   ii. the number of files and/or documents needed to be searched;

   iii. the location of such file;

   iv. the number of employee hours required to conduct the search; and

   v. the estimated cost of the search.

 c. Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the interrogatory can be obtained; and

 d. State whether the documents or other sources will be made available for inspection and copying.

5. If the response to the interrogatory consists in whole or in part of any other objection:

 a. Provide such information as can be ascertained; and

 b. State with particularity the basis for such objection.

6. If any document which forms a part of or the entire basis for any response to these interrogatories has been destroyed, for each such document:

 a. State when it was destroyed;

 b. Identify the person who destroyed the document;

 c. Identify the person who directed that it be destroyed;

 d. State with particularity the reasons for the destruction;

 e. Describe the nature of the document;

 f. Identify the persons who created, sent and received the document;

 g. State the date the document was created; and

 h. State in as much detail as possible the contents of the document.

7. In answering these interrogatories, furnish all information that is known to Plaintiff or Plaintiff's agents. If any of these interrogatories cannot be answered in full, answer them to the fullest

extent possible, detailing the reasons for Plaintiff's inability to answer the remainder and stating fully the information, knowledge or belief Plaintiff now has concerning the unanswered portions.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons you believe to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

### INTERROGATORY NO. 2:

Identify all of your coworkers during your alleged employment with any of the Defendants.

### INTERROGATORY NO. 3:

Identify all persons who, during Your alleged employment by Defendants, were responsible for supervising Your performance.

### INTERROGATORY NO. 4:

Identify all persons who, during Your alleged employment by Defendants, were responsible for setting Your hours.

### INTERROGATORY NO. 5:

Identify all persons who, during Your alleged employment by Defendants, were responsible for setting Your rate of compensation.

### INTERROGATORY NO. 6:

Identify any positions of employment that You held from December 2019 to September 2020 and set forth the job title You held in connection with each instance of employment, the compensation You received, including any tips and bonuses, and the nature of Your duties and/or responsibilities in connection with same.

**INTERROGATORY NO. 7:**

Identify all transfers of money or other thing of value from Defendants to You between December 2019 to September 2020.

**INTERROGATORY NO. 8:**

Identify the individual(s) who hired you to perform work for the Defendants.

**INTERROGATORY NO. 9:**

Identify the individual(s) who terminated your alleged employment with Defendants.

**INTERROGATORY NO. 10:**

Identify all persons, businesses, and entities (other than any of the Defendants) for whom you performed work or services in any capacity (e.g., as an employee, independent contractor, or self-employed individual) during the same period(s) of time in which you were employed by any of the Defendants.

**INTERROGATORY NO. 11:**

Identify each person other than your attorney(s) with whom you have had any communication about the allegations in the Complaint and, for each person identified, state the substance in detail of such communications.

**INTERROGATORY NO. 12:**

Set forth the factual basis for your contention that Defendants are "employers engaged in commerce."

**INTERROGATORY NO. 13:**

Set forth the factual basis for your contention that "Defendants' [transmitted] threatening text messages to Mr. Rodea."

**INTERROGATORY NO. 14:**

Set forth the beginning and end dates of Your alleged employment with Defendants

**INTERROGATORY NO. 15:**

For the period in which You allege to have been employed by Defendants set forth:

  i.   Your regular rate of pay;

  ii.  the times of day Your work day began and ended; and

  iii. the days of the week that You worked.

**INTERROGATORY NO. 16:**

Provide a general description of the duties that You were required to perform during Your alleged employment with Defendants.

**INTERROGATORY NO. 17:**

Set forth the amount of time You were permitted or required to break from work, for lunch or otherwise, during each day of Your alleged employment with Defendants.

**INTERROGATORY NO. 18:**

Set forth and describe the method by which Defendants recorded Your daily and/or weekly hours worked during Your alleged employment with Defendants.

**INTERROGATORY NO. 19:**

Identify all Documents that set forth, describe, relate or refer to Your alleged employment at Defendants, including, but not limited to, all documents evidencing or relating to any Your hours worked and/or compensation received.

**INTERROGATORY NO. 20:**

Identify all Documents and other physical evidence relating to Plaintiff's allegations in the Complaint that the Defendants failed to comply with the applicable minimum overtime laws in connection with its methods of compensating members of Defendants' staff.

**INTERROGATORY NO. 21:**

Identify all Documents and other physical evidence relating to the subject of any of the allegations of the Complaint or any of the Affirmative Defenses asserted in the Answer, including all Documents and other physical evidence relating to Your alleged employment by the Defendants.

**INTERROGATORY NO. 22:**

Identify all Documents that are responsive to any discovery request served by Plaintiff on Defendants in this action.

**INTERROGATORY NO. 23:**

Identify all Documents and other physical evidence relating to any Communications between You and any state, local, or federal investigative body or agency relating to any of the allegations in the Complaint or the defenses asserted in the Answer.

**INTERROGATORY NO. 24:**

Identify all Documents and other physical evidence relating to any administrative, civil, criminal, regulatory or other proceeding, lawsuit, investigation or inquiry in which You are or were a party or in which You testified voluntarily or were subpoenaed to testify as a witness.

**INTERROGATORY NO. 25:**

Identify all forms of compensation You received from Defendants during Your alleged employment with Defendants, including without limitations, all wages, tips, bonuses, and set forth the specific amount of such compensation.

**INTERROGATORY NO. 26:**

Identify any agreement, representation, or understanding between You and any of the Defendants regarding the terms of Your alleged employment by Defendants or relating to the subject of any of the allegations in the Complaint.

**INTERROGATORY NO. 27:**

If You have been arrested, indicted, investigated, charged or convicted of a crime, set forth the nature of such arrest, indictment, investigation, charge or conviction, the date thereof, and identify any Documents related thereto.

**INTERROGATORY NO. 28:**

Identify each and every affidavit, certification, affirmation, deposition, trial testimony, or other statement under oath given by each and every witness whom You expect to call to testify in this matter, together with all attachments, exhibits, and/or other supporting documents incorporated by reference therein.

**INTERROGATORY NO. 29:**

Identify all steps You have taken to preserve any Documents or other evidence, including, but not limited to, correspondence, documents or files, other data generated by and/or stored on any computer system (including information on laptop(s), desktop(s), PDA and mobile telephones, regardless of ownership) or other storage media (e.g., hard disks, floppy disks, backup tapes, thumb drives, etc.).

**INTERROGATORY NO. 30:**

Identify each type or kind of damages or relief you are claiming in this action, including the exact monetary amount you believe you are entitled to in connection with your claims, the category(ies) of the alleged damages, and how that amount was calculated.

**INTERROGATORY NO. 31:**

Identify all persons who participated in the preparation (including the gathering of information for such preparation) of responses to these interrogatories.

Dated: April 2, 2021
      New York, New York

      LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:   /s/*Jason Mizrahi*
      Jason Mizrahi, Esq.
      60 East 42nd Street, Suite 4700
      New York, New York, 10165
      Telephone: (212) 792-0048
      Email: Jason@levinepstein.com
      *Attorneys for Defendants*

To:
    Shalom Law, PLLC
    Attn:   Jonathan Shalom
    105-13 Metropolitan Avenue
    Forest Hills, NY 11375
    *Attorneys for Plaintiff*

## **VERIFICATION**

I, Jose Eduardo Rodea, attest under penalty perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to Defendants' First Set of Interrogatories are true and correct.

**JOSE EDUARDO RODEA**

_____
Jose Eduardo Rodea

_____
Dated