# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
Jose Eduardo Rodea,　　　　　　　　　　　　　　　　　　　Case No.: 21-cv-00217

　　　　　　　　　　　　　　　*Plaintiff*,

　　　　　　　　　　-*against*-

New York Diner, Inc., and Paula Rivadeneira,

　　　　　　　　　　　　　　　*Defendants*.
-------------------------------------------------------------------------X

## DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF

　　　　Defendants New York Diner, Inc., and Paula Rivadeneira (together, the "Defendants"), by and through their attorneys, Levin-Epstein & Associates, P.C., hereby request that the Plaintiff Eduardo Rodea (the "Plaintiff") produce for inspection and copying, at the offices of Levin-Epstein & Associates, P.C., 60 East 42nd Street, Suite 4700 New York, New York, 10165, the documents specified herein, in accordance with the Definitions and Instructions set forth below, within the time and manner prescribed by Rule 34.

## DEFINITIONS

　　　　1.　　　"Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form," or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Plaintiff's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the

document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2. Parties. The terms "plaintiff" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

4. "Relate" or "relating" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

5. "Concern" or "concerning" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

6. "Communication" means the transmission of information or data in any form including but not limited to written, oral, or electronic transmissions.

7. "Employer" means any current, former, or prospective employer by which you were employed or from which you sought employment, including but not limited to all employers, staffing agencies, temporary employment agencies, headhunters, recruiters, and any other person for whom you worked or from whom you sought work from December 2019 through September 2020.

8. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed as outside the scope of this request.

9. The words "all," "any," "every," or "each" encompass any and all of the matter discussed.

10. The use of the singular form includes the plural, and vice versa.

11. The use of the present tense includes the past tense, and vice versa.

12. The use of the masculine form includes the feminine, and vice versa.

In addition to the Rule 26.3 definitions above, the following definitions shall also apply:

13. Action. The term "Action" means the above-captioned lawsuit.

14. Complaint. The term "Complaint" means Plaintiff's Complaint and any subsequent amendments thereto.

## INSTRUCTIONS

1. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, and shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, Plaintiff shall state so in writing in response to that specific request.

2. Electronically stored information (ESI) must be produced as PDF files with corresponding load files containing the document's text and all available metadata.

3. Files may be produced via email to Joshua@levinepstein.com, and Jason@levinepstein.com

4. Unless otherwise indicated all requests pertain to the period set forth in the Complaint.

5. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents, or other persons acting on your behalf, without regard to the physical location of such documents.

6. In responding to these requests, include documents obtained on your behalf by your counsel, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

7. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

   a) identifying the document;

   b) describing where the document is now;

   c) identifying who has control of the document;

   d) describing how the document became lost or destroyed or was transferred; and

   e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

8. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

9. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each withheld document:

   a) the ground of privilege or protection claimed;

   b) each basis under which the document is withheld;

   c) the type of document

  d) its general subject matter;

  e) the document's date; and

  f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

10. If Plaintiff objects to any document request on any ground other than privilege, Plaintiff must specify:

  a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

  b) whether any responsive materials are being withheld on the basis of an objection.

11. To the extent Plaintiff asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

12. If there are no documents in response to any particular request, Plaintiff shall state so in writing.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. These requests are continuing and Plaintiff's response to these requests must be promptly supplemented when appropriate or necessary in accordance with FRCP 26(e).

15.     Whether or not specifically requested herein, when producing documents, Plaintiff is required by FRCP 34 to label them to correspond to the categories in each request.

**DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:**

All Documents that set forth, describe, relate or refer to the subject of any of the allegations of the Complaint or the Affirmative Defenses asserted in the Answer.

**DOCUMENT REQUEST NO. 2:**

All Documents that set forth, describe, relate or refer to any of Plaintiff's alleged employment with Defendants, including, but not limited to, all Documents evidencing or relating to Plaintiff's hours worked and/or compensation received.

**DOCUMENT REQUEST NO. 3:**

All Documents that set forth, describe, relate or refer to any Communications, including Oral Communications, between Plaintiff and Defendants, including, but not limited to, any such communication made by email, text message or voicemail.

**DOCUMENT REQUEST NO. 4:**

All Documents that set forth, describe, relate or refer to any Communications, including Oral Communications, between Plaintiff and any of the Defendants concerning the subject of any of the allegations in the Complaint or Plaintiff's alleged employment with Defendants, including, but not limited to, any such communication made by email, text message or voicemail.

**DOCUMENT REQUEST NO. 5:**

All Documents that set forth, describe, relate or refer to any agreement, representation, or understanding between Plaintiff and any Defendant regarding the terms of Plaintiff's alleged

employment with Defendants or relating to the subject of any of the allegations in the Complaint.

**DOCUMENT REQUEST NO. 6:**

All Documents that set forth, describe, relate or refer to Plaintiff's job duties while allegedly employed with Defendants.

**DOCUMENT REQUEST NO. 7:**

All Documents that set forth, describe, relate or refer to Plaintiff's allegation that Defendants failed to comply with applicable wage and overtime laws in connection with its methods of compensating Plaintiff.

**DOCUMENT REQUEST NO. 8:**

All Documents that set forth, describe, relate or refer to Plaintiff's allegation in the Complaint that Plaintiff worked in excess of 40 hours per week.

**DOCUMENT REQUEST NO. 9:**

All Documents reviewed by Plaintiff in calculating the amount of damages demanded by Plaintiff in this action.

**DOCUMENT REQUEST NO. 10:**

All Documents received by Plaintiff from Defendants in connection with their alleged employment with Defendants.

**DOCUMENT REQUEST NO. 11:**

All documents that Plaintiff received in the course of performing their job duties while employed with Defendants.

**DOCUMENT REQUEST NO. 12:**

Copies of each of Plaintiff's Federal and State Tax Returns for the years 2019 to 2020.

**DOCUMENT REQUEST NO. 13:**

All IRS form W-2's and/or 1099's received by Plaintiff from the years 2019 to 2020.

**DOCUMENT REQUEST NO. 14:**

A copy of Plaintiff's driver's license, and/or any other state or federally-issued identification card or other Document.

**DOCUMENT REQUEST NO. 15:**

All Documents that set forth, describe, relate or refer to any vacations taken by Plaintiff during their alleged employment with Defendants or any other extended periods during which they were absent from work for over two days, including, but not limited to, documents relating to airplane tickets, train tickets, bus tickets, receipts for hotels and receipts for purchases made by Plaintiff outside of New York City.

**DOCUMENT REQUEST NO. 16:**

All Documents that set forth, describe, relate or refer to any positions of employment held by Plaintiff from December 2019 to September 2020, including, but not limited to, documents evidencing the title that the Plaintiff held in connection with each instance of employment, the compensation that Plaintiff received and the nature of Plaintiff's duties and/or responsibilities in connection with same.

**DOCUMENT REQUEST NO. 17:**

All Documents that set forth, describe, relate or refer to any instances in which Plaintiff provided services for any person, organization, institution, company, corporation, business, or other entity other than Defendants from December 2019, through September 2020, including, but not limited to, Documents evidencing the title that Plaintiff held in connection with each such instance of providing services as a carpet repairer, the compensation that such Plaintiff received,

and the nature of such Plaintiff's duties and/or responsibilities in connection with same.

**DOCUMENT REQUEST NO. 18:**

All Documents that set forth, describe, relate or refer to any Communications between Plaintiff and any former or current employee, agent, or independent contractor of Defendants regarding any of the allegations in the Complaint or the defenses asserted in the Answer.

**DOCUMENT REQUEST NO. 19:**

All Documents that set forth, describe, relate or refer to any payment, money or thing of value transferred from Defendants to Plaintiff in connection with Plaintiff's alleged employment with Defendants.

**DOCUMENT REQUEST NO. 20:**

All Documents that set forth, describe, relate or refer to Plaintiff's allegation in the Complaint that Plaintiff worked in excess of 40 hours per week.

**DOCUMENT REQUEST NO. 21:**

All Documents that set forth, describe, or relate or refer to the number of employees employed by Defendants throughout the relevant periods of Plaintiff's allegations.

**DOCUMENT REQUEST NO. 22:**

List of all witnesses to any of the allegations contained in the Complaint.

**DOCUMENT REQUEST NO. 23:**

All Documents that are responsive to any discovery request served by Plaintiff on Defendants in this action.

**DOCUMENT REQUEST NO. 24:**

Each and every Document relating to any administrative, civil, criminal, regulatory or other

proceeding, lawsuit, investigation or inquiry in which Plaintiff is or was a party or in which Plaintiff testified voluntarily or was subpoenaed to testify.

**DOCUMENT REQUEST NO. 25:**

All Documents that set forth, describe, relate or refer to any criminal investigations, arrests, indictments or convictions of Plaintiff.

**DOCUMENT REQUEST NO. 26:**

Each and every affidavit, certification, affirmation, deposition, trial testimony or other statement under oath given at any time by each and every witness whom you expect to call to testify in this matter, together with all attachments, exhibits or other supporting Documents incorporated by reference therein.

**DOCUMENT REQUEST NO. 27:**

All Documents setting forth or relating to any admissions or declarations against interest relating to any of the claims that Plaintiff have interposed or may interpose in this lawsuit.

**DOCUMENT REQUEST NO. 28:**

All additional Documents relevant to the claims in this action, including all Documents that Plaintiff intend to (i) introduce as exhibits at trial or during any deposition conducted in this action, or (ii) otherwise rely upon in support of any claims or defenses that any of the Plaintiff will assert in this action.

Dated: April 2, 2021
      New York, New York

                                             LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                             By:    /s/*Jason Mizrahi*
                                                         Jason Mizrahi, Esq.
                                                         60 East 42nd Street, Suite 4700
                                                         New York, New York, 10165
                                                         Telephone: (212) 792-0048
                                                         Email: Jason@levinepstein.com

*Attorneys for Defendants*

To:
    Shalom Law, PLLC
    Attn:   Jonathan Shalom
    105-13 Metropolitan Avenue
    Forest Hills, NY 11375
    *Attorneys for Plaintiff*