# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE EDUARDO RODEA,

      Plaintiff,

  -against-

NEW YORK DINER, INC. and PAULA
RIVADENEIRA,

      Defendants.
------------------------------------------------------------------X

**Case No.:** 1:21-cv-217 (ERK) (SJB)

**PLAINTIFF'S RESPONSES &
OBJECTIONS TO DEFENDANTS'
FIRST REQUEST FOR
INTERROGATORIES**

   Plaintiff Jose Eduardo Rodea (hereinafter "Rodea" or "Plaintiff"), by and through his

attorneys, Shalom Law, PLLC, responds to Defendants' First Request for Interrogatories as

follows:

## GENERAL OBJECTIONS

   Plaintiff's responses are subject to the specific General Objections set forth below, each of

which is incorporated by reference into the responses to each interrogatory and document demand.

The production of information encompassed within Plaintiff's General Objections shall not be

deemed a waiver of these objections.

   1. The right to object as to competency, relevancy, materiality, privilege and general

admissibility of the responses and the subject matter thereof as evidence for any purpose in any

further proceeding in this action (including trial) and in any other action.

   2. The right to object to the use of any such responses, or the subject matter thereof, on

any ground in any further proceeding of this action (including trial) and in any other action.

   3. The right at any time to revise, correct, add to, or clarify any of said answers set forth

herein.

1

4.   The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.   Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   In addition, the demands are overly broad to the extent that they cover time periods not relevant to the instant litigation.

6.   Plaintiff objects to Defendants' demands to the extent they are so overly broad that they impose an undue burden.

7.   Plaintiff objects to Defendants' demands to the extent they are unreasonably vague and ambiguous.

8.   Plaintiff objects to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine, or self-critical analysis privilege.

9.   Plaintiff objects to Defendants' demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.   When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiff objects to Defendants' demands to the extent they assume facts that have not been established.   Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

2

12. Plaintiff objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules.   Plaintiff will respond to Plaintiff's demands in accordance with the applicable rules.

13. The following responses are based on information currently available to Plaintiff. These responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information.

14. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses.

15. Plaintiff objects to any request to the extent that it purports to require more than is required by the Federal Rules of Civil Procedure and the Local Civil Rules. In responding to the Document Requests, Plaintiff will comply with the requirements under the aforesaid rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

1.      Identify all persons you believe to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

**Response:   Plaintiff refers Defendants to his Rule 26 disclosures.**

2.      Identify all of your coworkers during your alleged employment with any of the Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and requires unreasonable efforts or expense of behalf of Plaintiff disproportional to the needs of the case in that it seeks information that can be obtained from**

3

a more convenient, less burdensome, and less expensive source.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff identifies:

      a.  **Santos Ramírez**

      b.  **Dolis (last name unknown)**

      c.  **José (last name unknown)**

3.     Identify all persons who, during Your alleged employment by Defendants, were responsible for supervising Your performance.

**Response:**   **Plaintiff identifies Defendant Paula Rivadeneira.**

4.     Identify all persons who, during Your alleged employment by Defendants, were responsible for setting Your hours.

**Response:**   **Plaintiff identifies Defendant Paula Rivadeneira.**

5.     Identify all persons who, during Your alleged employment by Defendants, were responsible for setting Your rate of compensation.

**Response:**   **Plaintiff identifies Defendant Paula Rivadeneira.**

6.     Identify any positions of employment that You held from December 2019 to September 2020 and set forth the job title You held in connection with each instance of employment, the compensation You received, including any tips and bonuses, and the nature of Your duties and/or responsibilities in connection with same.

**Response:**   **Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, seeks information which is not relevant to any claim or defense or is otherwise not proportional to the needs of this case.**

7.     Identify all transfers of money or other thing of value from Defendants to You between December 2019 to September 2020.

4

**Response:** **Plaintiff objects to this demand on the grounds that it requires unreasonable efforts or expense of behalf of Plaintiff disproportional to the needs of the case in that it seeks information that can be obtained from a more convenient, less burdensome, and less expensive source and otherwise seeks information which is not relevant to any claim or defense.**

**Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff identifies that throughout his employment prior to the pandemic, his weekly net pay was approximately nine hundred dollars ($900) total, with four hundred and seventy-three dollars ($473) paid to Plaintiff each week in a check and four hundred dollars ($400) paid to him weekly in cash. For five weeks from mid-March 2020 to the start of May 2020, Defendants mailed Plaintiff a check each week for approximately three hundred and ninety-seven dollars ($397). In May of 2020, Plaintiff began working his regular hours again, and Defendants again compensated him once with both a check and cash payment each week, amounting to a weekly net pay of at least eight hundred dollars ($800), but no more than nine hundred dollars ($900).**

8.      Identify the individual(s) who hired you to perform work for the Defendants.

**Response:** **Plaintiff identifies Defendant Paula Rivadeneira.**

9.      Identify the individual(s) who terminated your alleged employment with Defendants.

**Response:** **Plaintiff identifies Defendant Paula Rivadeneira.**

10.      Identify all persons, businesses, and entities (other than any of the Defendants) for whom you performed work or services in any capacity (e.g., as an employee, independent

contractor, or self-employed individual) during the same period(s) of time in which you were employed by any of the Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, seeks information which is not relevant to any claim or defense or is otherwise not proportional to the needs of this case.**

11.     Identify each person other than your attorney(s) with whom you have had any communication about the allegations in the Complaint and, for each person identified, state the substance in detail of such communications.

**Response:   Plaintiff identifies his wife, and objects to stating the substance of such communications based on spousal privilege.**

12.     Set forth the factual basis for your contention that Defendants are "employers engaged in commerce."

**Response:   Plaintiff objects to this demand on the grounds that it calls for a legal conclusion. Notwithstanding and without waiving the foregoing general and specific objections, Defendants purchased various goods in interstate commerce that Plaintiff utilized throughout his employment.**

13.     Set forth the factual basis for your contention that "Defendants' [transmitted] threatening text messages to Mr. Rodea."

**Response:   Plaintiff refers Defendants to his Production of Documents.**

14.     Set forth the beginning and end dates of Your alleged employment with Defendants.

**Response:   Plaintiff identifies the beginning date as December 1, 2019 and the end date as September 21, 2020.**

15.     For the period in which You allege to have been employed by Defendants set forth:

     i.       Your regular rate of pay;

     ii.      the times of day Your work day began and ended; and

     iii.     the days of the week that You worked.

**Response:   Plaintiff states that: (i) his regular rate of pay was $900.00 per week; (ii) his work day began at 6:00 AM and ended at 3:30 PM or later each day; and (iii) he consistently worked six (6) days a week each and every week he was employed by Defendants, with just one weekday off per week.**

16.      Provide a general description of the duties that You were required to perform during Your alleged employment with Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it not relevant to any claim or defense or proportional to the needs of the case.**

17.      Set forth the amount of time You were permitted or required to break from work, for lunch or otherwise, during each day of Your alleged employment with Defendants.

**Response:   Plaintiff states that he did not regularly receive any interrupted time for a meal.**

18.      Set forth and describe the method by which Defendants recorded Your daily and/or weekly hours worked during Your alleged employment with Defendants.

**Response:   Plaintiff states that Defendants did not keep a time clock. Instead, Defendants assigned just one shift on each day of the week, which consisted of the following: 6:00 A.M. to 3:30 P.M. Monday-Friday; 7:00 A.M. to 3:30 P.M. Saturday; and 7:30 A.M. to 3:30 P.M. Sunday. Plaintiff also states that these "shifts" detailed above do not include the extra hours Defendants required each employee to stay past the end of each shift to clean and close the restaurant.**

19.     Identify all Documents that set forth, describe, relate or refer to Your alleged employment at Defendants, including, but not limited to, all documents evidencing or relating to any Your hours worked and/or compensation received.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to his responses and objections to Defendants' First Request for the Production of Documents.**

20.     Identify all Documents and other physical evidence relating to Plaintiff's allegations in the Complaint that the Defendants failed to comply with the applicable minimum overtime laws in connection with its methods of compensating members of Defendants' staff.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to his responses and objections to Defendants' First Request for the Production of Documents.**

21.     Identify all Documents and other physical evidence relating to the subject of any of the allegations of the Complaint or any of the Affirmative Defenses asserted in the Answer, including all Documents and other physical evidence relating to Your alleged employment by the Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff cannot identify any such documents.**

8

22.     Identify all Documents that are responsive to any discovery request served by Plaintiff on Defendants in this action.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad and unduly burdensome.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff identifies all documents produced in Plaintiff's responses and objections to Defendants' First Request for the Production of Documents.**

23.     Identify all Documents and other physical evidence relating to any Communications between You and any state, local, or federal investigative body or agency relating to any of the allegations in the Complaint or the defenses asserted in the Answer.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.**

24.     Identify all Documents and other physical evidence relating to any administrative, civil, criminal, regulatory or other proceeding, lawsuit, investigation or inquiry in which You are or were a party or in which You testified voluntarily or were subpoenaed to testify as a witness.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff cannot identify any such documents.**

25.     Identify all forms of compensation You received from Defendants during Your alleged employment with Defendants, including without limitations, all wages, tips, bonuses, and set forth the specific amount of such compensation.

**Response:   Plaintiff identifies his weekly salary paid in cash of $900.00 per week.**

26.     Identify any agreement, representation, or understanding between You and any of the Defendants regarding the terms of Your alleged employment by Defendants or relating to the subject of any of the allegations in the Complaint.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

27.     If You have been arrested, indicted, investigated, charged or convicted of a crime, set forth the nature of such arrest, indictment, investigation, charge or conviction, the date thereof, and identify any Documents related thereto.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

28.     Identify each and every affidavit, certification, affirmation, deposition, trial testimony, or other statement under oath given by each and every witness whom You expect to call to testify in this matter, together with all attachments, exhibits, and/or other supporting documents incorporated by reference therein.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case.**

**Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

29.     Identify all steps You have taken to preserve any Documents or other evidence, including, but not limited to, correspondence, documents or files, other data generated by and/or stored on any computer system (including information on laptop(s), desktop(s), PDA and mobile telephones, regardless of ownership) or other storage media (e.g., hard disks, floppy disks, backup tapes, thumb drives, etc.).

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

30.     Identify each type or kind of damages or relief you are claiming in this action, including the exact monetary amount you believe you are entitled to in connection with your claims, the category(ies) of the alleged damages, and how that amount was calculated.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

31.     Identify all persons who participated in the preparation (including the gathering of information for such preparation) of responses to these interrogatories.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and seeks information which is not proportional to the needs of the case. Plaintiff further objects to this demand on the grounds that Defendants have exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts.   Plaintiff will respond to the first twenty-five (25) interrogatories.**

Dated: Forest Hills, New York
         June 11, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**

/s/*Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE EDUARDO RODEA,

                           Plaintiff,

    -against-

NEW YORK DINER, INC. and PAULA
RIVADENEIRA,

                        Defendants.
----------------------------------------------------------------X

**Case No.:** 1:21-cv-217 (ERK) (SJB)

**PLAINTIFF'S RESPONSES &
OBJECTIONS TO DEFENDANTS'
FIRST REQUEST FOR THE
<u>PRODUCTION OF DOCUMENTS</u>**

       Plaintiff Jose Eduardo Rodea (hereinafter "Rodea" or "Plaintiff"), by and through his

attorneys, Shalom Law, PLLC, responds to Defendants' First Request for the Production of

Documents as follows:

<u>**GENERAL OBJECTIONS**</u>

       Plaintiff's responses are subject to the specific General Objections set forth below, each of

which is incorporated by reference into the responses to each interrogatory and document demand.

The production of information encompassed within Plaintiff's General Objections shall not be

deemed a waiver of these objections.

       1.  The right to object as to competency, relevancy, materiality, privilege and general

admissibility of the responses and the subject matter thereof as evidence for any purpose in any

further proceeding in this action (including trial) and in any other action.

       2.  The right to object to the use of any such responses, or the subject matter thereof, on

any ground in any further proceeding of this action (including trial) and in any other action.

       3.  The right at any time to revise, correct, add to, or clarify any of said answers set forth

herein.

4.   The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.   Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   In addition, the demands are overly broad to the extent that they cover time periods not relevant to the instant litigation.

6.   Plaintiff objects to Defendants' demands to the extent they are so overly broad that they impose an undue burden.

7.   Plaintiff objects to Defendants' demands to the extent they are unreasonably vague and ambiguous.

8.   Plaintiff objects to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine, or self-critical analysis privilege.

9.   Plaintiff objects to Defendants' demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.   When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiff objects to Defendants' demands to the extent they assume facts that have not been established.   Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

2

12. Plaintiff objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules.   Plaintiff will respond to Plaintiff's demands in accordance with the applicable rules.

13. The following responses are based on information currently available to Plaintiff. These responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information.

14. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses.

15. Plaintiff objects to any request to the extent that it purports to require more than is required by the Federal Rules of Civil Procedure and the Local Civil Rules. In responding to the Document Requests, Plaintiff will comply with the requirements under the aforesaid rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

1.      All Documents that set forth, describe, relate or refer to the subject of any of the allegations of the Complaint or the Affirmative Defenses asserted in the Answer.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the remaining Requests herein.**

3

2.      All Documents that set forth, describe, relate or refer to any of Plaintiff's alleged employment with Defendants, including, but not limited to, all Documents evidencing or relating to Plaintiff's hours worked and/or compensation received.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents.**

3.      All Documents that set forth, describe, relate or refer to any Communications, including Oral Communications, between Plaintiff and Defendants, including, but not limited to, any such communication made by email, text message or voicemail.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff produces documents Bates stamped RODEA001-002.**

4.      All Documents that set forth, describe, relate or refer to any Communications, including Oral Communications, between Plaintiff and any of the Defendants concerning the subject of any of the allegations in the Complaint or Plaintiff's alleged employment with Defendants, including, but not limited to, any such communication made by email, text message or voicemail.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff produces documents Bates stamped RODEA001-002.**

5.      All Documents that set forth, describe, relate or refer to any agreement, representation, or understanding between Plaintiff and any Defendant regarding the terms of Plaintiff's alleged employment with Defendants or relating to the subject of any of the allegations in the Complaint.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

6.      All Documents that set forth, describe, relate or refer to Plaintiff's job duties while allegedly employed with Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents.**

7.      All Documents that set forth, describe, relate or refer to Plaintiff's allegation that Defendants failed to comply with applicable wage and overtime laws in connection with its methods of compensating Plaintiff.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain. Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not**

otherwise produced in response to the other Requests herein. Plaintiff also refers Defendants to his complaint.

8.      All Documents that set forth, describe, relate or refer to Plaintiff's allegation in the Complaint that Plaintiff worked in excess of 40 hours per week.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain. Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein. Plaintiff also refers Defendants to his complaint.**

9.      All Documents reviewed by Plaintiff in calculating the amount of damages demanded by Plaintiff in this action.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain. Notwithstanding and without waiving the foregoing general objections, Plaintiff that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein. Plaintiff also refers Defendants to his complaint.**

10.      All Documents received by Plaintiff from Defendants in connection with their alleged employment with Defendants.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in**

**possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

11.  All documents that Plaintiff received in the course of performing their job duties while employed with Defendants.

**Response: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

12.  Copies of each of Plaintiff's Federal and State Tax Returns for 2019 and 2020.

**Response: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, not relevant to any claim or defense, not proportional to the needs of the case, and constitutes confidential and privileged information that Defendants are not entitled to.**

13.  All IRS W-2's and/or 1099's received by Plaintiff from the years 2019 to 2020.

**Response: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, not relevant to any claim or defense, not proportional to the needs of the case, and constitutes confidential and privileged information that Defendants are not entitled to.**

14.  A copy of Plaintiff's driver's license, and/or any other state or federally-issued identification card or other Document.

**Response: Plaintiff objects to this demand on the grounds that it is not relevant to any claim or defense nor proportional to the needs of case.**

15.  All Documents that set forth, describe, relate or refer to any vacations taken by Plaintiff during their alleged employment with Defendants or any other extended periods during

which they were absent from work for over two days, including, but not limited to, documents relating to airplane tickets, train tickets, bus tickets, receipts for hotels and receipts for purchases made by Plaintiff outside of New York City.

**Response:   Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents.**

16.    All Documents that set forth, describe, relate or refer to any positions of employment held by Plaintiff from December 2019 to September 2020, including, but not limited to, documents evidencing the title that the Plaintiff held in connection with each instance of employment, the compensation that Plaintiff received and the nature of Plaintiff's duties and/or responsibilities in connection with same.

**Response:   Plaintiff objects to this demand on the grounds that it is not relevant to any claim or defense nor proportional to the needs of case.**

17.    All Documents that set forth, describe, relate or refer to any instances in which Plaintiff provided services for any person, organization, institution, company, corporation, business, or other entity other than Defendants from December 2019, through September 2020, including, but not limited to, Documents evidencing the title that Plaintiff held in connection with each such   instance of providing services as a carpet repairer, the compensation that such Plaintiff received, and the nature of such Plaintiff's duties and/or responsibilities in connection with same.

**Response:   Plaintiff objects to this demand on the grounds that it is not relevant to any claim or defense nor proportional to the needs of case.**

8

18.     All Documents that set forth, describe, relate or refer to any Communications between Plaintiff and any former or current employee, agent, or independent contractor of Defendants regarding any of the allegations in the Complaint or the defenses asserted in the Answer.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and violative of the common interest privilege.**

19.     All Documents that set forth, describe, relate or refer to any payment, money or thing of value transferred from Defendants to Plaintiff in connection with Plaintiff's alleged employment with Defendants.

**Response:   Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

20.     All Documents that set forth, describe, relate or refer to Plaintiff's allegation in the Complaint that Plaintiff worked in excess of 40 hours per week.

**Response:   Plaintiff objects to this demand on the grounds that it imposes an obligation upon Plaintiff that Defendants are otherwise obligated to maintain and is cumulative of Request No. 8.   Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein. Plaintiff also refers Defendants to his complaint.**

21.     All Documents that set forth, describe, or relate or refer to the number of employees employed by Defendants throughout the relevant periods of Plaintiff's allegations.

**Response:   Notwithstanding and without waiving the foregoing general objections, Plaintiff is not in possession, custody, or control of any responsive, non-privileged documents.**

22.     List of all witnesses to any of the allegations contained in the Complaint.

**Response:   Plaintiff refers Defendants to his Rule 26 disclosures.**

23.     All Documents that are responsive to any discovery request served by Plaintiff on Defendants in this action.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

24.     Each and every Document relating to any administrative, civil, criminal, regulatory or other proceeding, lawsuit, investigation or inquiry in which Plaintiff is or was a party or in which Plaintiff testified voluntarily or was subpoenaed to testify.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, not relevant to any claim or defense nor proportional to the needs of this case.**

25.     All Documents that set forth, describe, relate or refer to any criminal investigations, arrests, indictments or convictions of Plaintiff.

**Response:   Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, not relevant to any claim or defense nor proportional to the needs of this case.**

26.     Each and every affidavit, certification, affirmation, deposition, trial testimony or other statement under oath given at any time by each and every witness whom you expect to call to testify in this matter, together with all attachments, exhibits or other supporting Documents incorporated by reference therein.

**Response:   Plaintiff objects to this demand on the grounds that it is premature, overly broad, and unduly burdensome.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents.**

27.     All Documents setting forth or relating to any admissions or declarations against interest relating to any of the claims that Plaintiff have interposed or may interpose in this lawsuit.

**Response:   Notwithstanding and without waiving the foregoing general objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents.**

28.     All additional Documents relevant to the claims in this action, including all Documents that Plaintiff intend to (i) introduce as exhibits at trial or during any deposition conducted in this action, or (ii) otherwise rely upon in support of any claims or defenses that any of the Plaintiff will assert in this action.

**Response:   Plaintiff objects to this demand on the grounds that it is premature, overly broad, unduly burdensome, and not proportional to the needs of this case.   Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff responds that he is not in possession, custody, or control of any responsive, non-privileged documents that are not otherwise produced in response to the other Requests herein.**

Dated: Forest Hills, New York
        June 11, 2021

                                    Respectfully submitted,

                                    **SHALOM LAW, PLLC**

                                    /s/*Jonathan Shalom*
                                    Jonathan Shalom, Esq.
                                    105-13 Metropolitan Avenue
                                    Forest Hills, NY 11375-6737

(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*