# EXHIBIT E

# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street• Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

August 11, 2021

*<u>Via Email</u>*
Shalom Law, PLLC
Attn:   Jonathan Shalom
105-13 Metropolitan Avenue
Forest Hills, NY 11375
Email: Jonathan@shalomlawny.com

    Re: *Rodea v. New York Diner, Inc. et al*
      <u>**Case No.: 21-cv-00217**</u>

Dear Mr. Shalom:

  As you know, this firm serves as litigation counsel to Defendants New York Diner, Inc., and Paula Rivadeneira (together, the "Defendants"). On behalf of our client, we write to address you with respect to the following urgent matter.

  On April 2, 2021 on behalf of Defendants, this office served your office with:

1. Defendants' First Set of Interrogatories;

2. Defendants' First Request for the Production of Documents; and

3. A Notice of Deposition for Plaintiff, scheduled for June 17, 2021.

  We are in receipt of your client, Jose Eduardo Rodea's (the "Plaintiff"), responses and objections dated June 11, 2021, in response to Defendants' first set of discovery requests. We write with respect to deficiencies in your client's responses.

**I. Deficiencies in Plaintiff's Response to Defendants' First Set of Interrogatories**

  **A.  Failure to Verify**

  As an initial matter, Plaintiff's Interrogatory responses are not verified. Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

  Please amend your responses and provide verification pages from Plaintiff to avoid Court intervention.

### B. Plaintiff's Boiler-Plate General Objections

As you are no doubt aware, under Fed.R.Civ.Pro. 34, it is patently improper to assert general objections to discovery demands. By incorporating each of its general objections into the response of each of Defendants' specific requests, Plaintiff has violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. 2017); *see also Carl v. Edwards*, 2017 WL 4271443, at *4 (E.D.N.Y. 2017). By applying general objections to each of Plaintiff's specific requests, Plaintiff has violated Fed.R.Civ.Pro. 34, and its objections may be deemed to be waived. *See Edwards*, 2017 WL 4271443 at *4.

### C. Plaintiff's Boiler-Plate Objections as to Relevancy, Overbreadth, Undue Burden and Disproportionality

Plaintiff's general objection on the basis that Defendants' request is irrelevant, overbroad or presents an undue burden is patently improper.

In doing do, Plaintiff has violated the December 1, 2015 amendments to the Federal Rules of Civil Procedure by raising these objections without identifying any particularized fact as to why such objections are made. "Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, are a paradigm of discovery abuse." *Harris v. Bronx Parent Hous. Network, Inc*., 2020 WL 763740, at *2 (S.D.N.Y. 2020) (citation and quotations omitted). "A party resisting discovery has the burden of showing "specifically how…each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive…by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (*citing Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012)).

By applying improper general objections on the basis of relevancy, overbreadth, undue burden and disproportionality, to each of Defendants' specific requests, Plaintiff has violated Fed.R.Civ.Pro. 34 and Fed.R.Civ.P. 33(b)(4), and his objections may be deemed to be waived. *See Carl v. Edwards*, 2017 WL 4271443, at *4 (E.D.N.Y. 2017).

To avoid unnecessary Court intervention, Plaintiff must amend his responses, and provide responsive information to Interrogatory Nos. 2, 6, 7, 10, 19, 20, 21-31.

### D. Plaintiff's Boiler-Plate Objections as to Privilege

Plaintiff's general objection on the basis that Defendants' Interrogatories violate a privilege is patently improper. Pursuant to Fed.R.Civ.Pro. 26(b)(5)(A), when a party withholds discoverable information by the assertion of privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This process, is generally known as the creation of "privilege log." Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena *duces tecum*, including…the author of the document, the addressees of the

document…and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2.) *Lopez v. City of New York*, 2007 WL 869590, at *3 (E.D.N.Y. 2007). Plaintiff has failed to meet its obligations under Fed.R.Civ.P. 26(b)(5)(A) and Local Civil Rule 26.2, and as a result, once again violates the Federal Discovery Rules. Additionally, Plaintiff's objection of work product doctrine would only apply to documents prepared in anticipation of litigation, and not those created in the routine course of business. *Id*.

To avoid unnecessary Court intervention, Plaintiff must amend his responses, and provide responsive information to Interrogatory Nos. 11, 23-24.

### E.  Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date

In response to each and every Interrogatory, Plaintiff claims to preserve the right to revise, correct, modify, supplement or clarify his responses at a later date.

"By signing a response to a discovery request, an attorney certifies that to the best of her 'knowledge, information, and belief [is] formed after a reasonable inquiry…" *Markey v. Lapolla Indus., Inc.*, 2015 WL 5027522, at *15 (E.D.N.Y. 2015), (*quoting Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. 2009) and Fed.R.Civ.P. 26(g)(1)). Plaintiff was first on notice of this Action as early as November 2019. That is, Plaintiff has had more than one (1) year and four (4) months to identify, preserve, and locate responsive information in his custody, possession, and control ("possession") as required by either the Local Civil Rules of the Southern and Eastern District of New York and/or the Federal Rules of Civil Procedure. Plaintiff cannot unilaterally reserve documents for production on a later date.

If there are no responsive responses to Defendants' Interrogatories, Plaintiff must confirm so.

## II.  Deficiencies in Plaintiff's Response to Defendants' First Request for the Production of Documents

### A.  Plaintiff's Boiler-Plate General Objections

As you are no doubt aware, under Fed.R.Civ.Pro. 34 it is patently improper to assert general objections to discovery demands. By incorporating each of its general objections into the response of each of Defendants' specific requests, Plaintiff has violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. 2017); *see also Edwards*, 2017 WL 4271443 at *4. By applying general objections to each of Defendants' specific requests, Plaintiff has violated Fed.R.Civ.Pro. 34, and his objections may be deemed to be waived. *See Edwards*, 2017 WL 4271443 at *4.

### B.  Plaintiff's Boiler-Plate Objections as to Relevancy, Overbreadth, Undue Burden and Disproportionality

Plaintiff's boiler-plate objections as to relevancy, overbreadth, undue burden and disproportionality are deficient for the reasons set forth more fully in § I(C), *supra*.

By applying such improper general objections to each of Defendants' specific requests, Plaintiff has violated Fed.R.Civ.Pro. 34 and Fed.R.Civ.P. 33(b)(4), and his objections may be deemed to be waived. *See Edwards*, 2017 WL 4271443 at *4.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 28, and failing to produce any responsive documents, Plaintiff is stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(C), *supra*.

To avoid unnecessary Court intervention, Plaintiff must provide responsive documents to Document Requests Nos. 1 – 28, and must continue to supplement responsive documents through the fact discovery process.

### C. Plaintiff's Boiler-Plate Objections as to Privilege

Plaintiff's boiler-plate objections as to privilege and work-product doctrine are deficient for the reasons set forth more fully in § I(D), *supra*.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 28, and failing to produce any responsive documents, Plaintiff is stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(D), *supra*.

To avoid unnecessary Court intervention, Plaintiff must provide responsive documents to Document Requests Nos. 1 – 28, and must continue to supplement responsive documents through the fact discovery process.

### D. Plaintiff's Boiler-Plate Reservation to Supplement Responses at a Later Date

Plaintiff's reservation to supplement responses at a later date is improper for the reasons set forth more fully in § I(C), *supra*.

If there are no responsive responses to Defendants' First Request for the Production of Documents, Plaintiff must confirm so.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 28, and failing to produce any responsive documents, Plaintiff is stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(E), *supra*.

To avoid unnecessary Court intervention, Plaintiff must provide responsive documents to Document Requests Nos. 1 – 28, and must continue to supplement responsive documents through the fact discovery process.

### III. Conclusion.

We request that Plaintiff cure all deficiencies outlined in this letter by no later than Friday, August 13, 2021. We trust that these matters can be addressed without Court intervention. Please

note that our review of Plaintiff's discovery responses is ongoing, and we reserve our right to raise any additional deficiencies in the future.

    Thank you, in advance, for your time and attention.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By:  /s/ Jason Mizrahi
        Jason Mizrahi
        60 East 42nd Street, Suite 4700
        New York, NY 10165
        Tel.:  (212) 792-0046
        Email: Joshua@levinepstein.com
        *Attorneys for Defendants*