

Phone: (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

August 13, 2021

<u>VIA ECF</u>
Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East Chambers 304N
Brooklyn, New York 11201

> *Re:*   Rodea v. New York Diner, Inc., *et ano.*
> Case No.: 1:21-cv-217 (ERK) (SJB)
> <u>Plaintiff's Reply to Defendants Cross Motion to Compel</u>

Dear Judge Bulsara,

This office represents the Plaintiff Jose Eduardo Rodea (hereinafter "Plaintiff") in the above-referenced case. Plaintiff writes this letter motion in further support of his motion pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Rules" or "Rule") and to Defendants' misguided and reactive cross-motion.

**<u>Background</u>**

This is a simple run-of-the-mill wage-and-hour case. Plaintiff was paid a salary with the same amount of money every single week regardless of the number of hours he worked and Defendants failed to properly pay him overtime. Defendants responded to Plaintiff's discovery demands and, unsurprisingly, had no responsive documents concerning Plaintiff's hours worked and compensation paid.

Equally expected, Plaintiff does not have any responsive documents either. Plaintiff properly responded to Defendants' discovery demands and provided sufficient details as to each request or interrogatory. Notably, Plaintiff provided Defendants with their responses on June 11, 2021. Defendants unreasonably waiting two (2) whole months to raise deficiencies a week before the mediation, irrationally demanded to meet and confer within forty-eight (48) hours, engaged in a harassing barrage of emails and phone calls despite the fact your undersigned was in a meeting at his office during which time he was unable to meet and confer telephonically with Defendants concerning discovery issues, and now comically suggests that Plaintiff should be sanctioned. For the reasons set forth below, Plaintiffs' motion pursuant to Rule 16 – which has nothing to do with discovery – must be granted and Defendants' premature discovery motion must be denied without prejudice to renew once the parties meet and confer after the mediation in this case in the event they do not reach a settlement.

**I.      Plaintiff's Motion to Compel was Not Filed in Derogation of Your Honor's Rules, Fed.R.Civ.P. 37(a), and Local Civil Rules 37.3 and 26.4**

Defendants first assert that Plaintiff violated Rule 37(a) in making their motion. However, this is inaccurate. Rule 37(a) provides that a party may move for an order compelling disclosure or discovery and must make a good faith effort to meet and confer in advance of making such a motion. Here, Plaintiff did not make any motion pursuant to Rule 37. As such, it does not apply.

Similarly, while Defendants also rely on Local Civil Rules 26.4 and 37.3, those rules do not apply to Plaintiff's Rule 16 motion, either. Local Civil Rule 26.4 is titled "Cooperation Among Counsel in Discovery," while Local Civil Rule 37.3 is titled "Mode of Raising Discovery and Other Non-Dispositive Pretrial Disputes With the Court." The former has nothing to do with Plaintiff's Rule 16 motion, and the latter equally deals with discovery issues. To the extent that "other non-dispositive issues" could potentially include mediation, as set forth herein, your undersigned would not have been able to meet and confer with opposing counsel on this issue until after the mediation, and the exigent circumstances required Plaintiff to immediately alert the Court that Defendants sought to adjourn the mediation out of the blue based on eleventh-hour discovery disputes that could have and should have been raised earlier. In that regard, Defendants' conduct in this case called for an emergency application to the Court.

Despite Plaintiff's reasonable request to have time to review and respond to the deficiencies raised within thirty (30) days, Defendants decided to attempt to outfox both Plaintiff and this Court by responding that they would consent to the requested extension of time only if: "1. You request an extension of time to complete fact discovery by 30 days. 2. You request an extension of time to complete mediation by 30 days. 3. We adjourn the mediation to a mutually agreeable date and time after the disclosure of your amended responses." Plaintiff does not agree to extend the time to complete mediation; it has already been adjourned once, and there is an Order in place directing the parties to complete Mediation up until August 19, 2021.

Accordingly, Plaintiff's letter motion – which was made to ensure compliance with the Order requiring parties to mediate – was not filed in violation of any rule.

**II. Plaintiff's Motion to Compel is Moot, because Defendants are Prepared to Attend the August 19th Mediation**

In response to Plaintiff's motion, Defendants now assert that they remain prepared to attend the mediation. This sudden representation is all the more glaring given Defendants' written intention to refuse to mediate absent resolving their eleventh-hour "deficiencies."

**III. Relevant Procedural Background for Non-Compliance with Duly Served Discovery**

Plaintiff respectfully submits that, while Defendants' recitation of the facts are – on the whole – accurate, the facts speak for themselves. It was unreasonable for Defendants to demand to meet and confer telephonically with your undersigned within forty-eight (48) hours.



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

This is because I am the managing partner of my small law firm and was tied up in meetings such that I could not speak to opposing counsel, let alone review purported discovery deficiencies I had received just one (1) day prior. Respectfully, Defendants placed the cart before the horse, and unnecessarily so. Plaintiff did not refuse to meet and confer with Defendants; Plaintiff merely could not meet and confer with Defendants the very second they wanted Plaintiff to.

### IV. Legal Standard for Sanctions

Rule 26(g) provides that if a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

As set forth further below and based on the documents submitted by Defendants, there is no basis for a finding that any certification made was violative of Rule 26. Therefore, no sanctions are in order.

### V. Plaintiff Has Not Failed to Substantively Respond to Defendants' Discovery Requests

Plaintiff respectfully submits that his discovery responses speak for themselves. The responses were drafted with the client and provide truthful and accurate information. While Defendants' discovery demands called for objections due to their scope and as otherwise set forth therein, Plaintiff made a good faith effort to respond to all discovery.

Moreover, Defendants' reactive motion for sanctions was improper because *their* motion requires compliance with Rule 37(a) and Local Civil Rule 26.4 and 37.3. It was unreasonable and irrational of Defendants to wait until this late hour to raise discovery disputes in advance of the mediation. Notably, Defendants altogether fail to explain or provide any sufficient cause for the delay in raising discovery disputes after receiving Plaintiff's discovery responses on June 11, 2021. This fact alone speaks volumes as to what truly transpired here: Defendants sat on their rights, realized a mediation was scheduled for next week, drafted and sent a deficiency letter, demanded an immediate meet-and-confer notwithstanding Plaintiff's clear communication that he was unavailable to do so between today and tomorrow, and then utilized Plaintiff's reasonable request for time to review the purported deficiencies as a basis to again adjourn the mediation.

This case should either settle at mediation or then proceed swiftly through completing paper discovery, conducting depositions, and getting scheduled for trial. Plaintiff seeks to avoid incurring substantial attorneys' fees in this case where Defendants will undoubtedly be held liable.

**VI. Conclusion**

As Defendant's Counsel has engaged in deceptive litigation tactics only to corner Plaintiff with unreasonable requests to respond and meet and confer at the last hour despite multiple representations informing Plaintiff was unavailable on such short notice, Plaintiff respectfully requests that thus Court deny Defendants' misguided cross-motion.

For the reasons set forth in Plaintiff's letter, and based upon Defendants' letter effectively agreeing to go to mediation, this Court should Order Defendants and their counsel to appear for the mediation with full settlement authority and in good faith. While Plaintiff does not seek any form of sanctions or attorney's fees arising out of this motion practice, Plaintiff respectfully submits that an award of sanctions in the form of attorneys' fees is in order in the event Defendants fail to appear at mediation as required.

Plaintiff thanks the Court for its attention to this matter, and regrets that this application became necessary.

Dated: Forest Hills, New York
August 13, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
Jonathan@ShalomLawNY.com
(718) 971-9474 (office)

*Attorneys for Plaintiff*