

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

September 10, 2021

**VIA ECF**
Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East Chambers 304N
Brooklyn, New York 11201

   *Re:* Rodea v. New York Diner, Inc., *et ano.*
      Case No.: 1:21-cv-217 (ERK) (SJB)
      Plaintiff's Amended Letter Motion for Leave to Amend Complaint to Add Defendant

Dear Judge Bulsara:

  This office represents the Plaintiff Jose Eduardo Rodea (hereinafter "Plaintiff") in the above-referenced case. Plaintiff writes to respectfully request leave to amend the complaint to add Marios Diner Inc., and Marlos Avlonitis, as Defendants.

  Rule 15(a) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") provides that a court "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." See Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citation omitted). Further, amendments are generally favored because they "tend to facilitate a proper decision on the merits." See Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks omitted) (quoting Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., No. 94-CIV.-4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)).

  The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). If the amendment seeks to add a party, Rule 21, which allows addition of a party ... also comes into play; however, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" See Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal citation omitted) (quoting Johnson v. Bryson, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)). "In deciding whether to permit the addition of

defendants, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" See Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

Therefore, a motion for leave to amend to add a defendant should be granted absent undue delay, bad faith, futility, or prejudice to the non-moving party. Id.

Here, after repeated demands, Plaintiff was provided a Form W-2 which lists Marios Diner Inc. rather than New York Diner, Inc. as his employer. As such, because the W-2 constitutes *prima facie* evidence that Marios Diner Inc. employed Plaintiff, it must be added as a defendant in this case. Indeed, Defendants cannot establish undue delay, bad faith, futility, or prejudice, as they know or should have known who Plaintiff's employers are and that information was within their control. Accordingly, Plaintiff's letter motion for leave to amend the complaint should be granted.[1]

Plaintiff thanks this Court for its time and attention to this case.

Dated: Forest Hills, New York
September 10, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
Jonathan@ShalomLawNY.com
(718) 971-9474 (office)

*Attorneys for Plaintiff*

---

[1] Plaintiff sought and obtained the corporate formation documents for New York Diner, Inc. and Marios Diner Inc. in order to ascertain the shareholders of both entities. Marios Diner Inc's articles of incorporation name Marlos Avlonitis as shareholder. Plaintiff respectfully reserves the right to move for leave to add any shareholders of both entities as additional individual defendants in this case.