UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE EDUARDO RODEA

                        Plaintiff,

    -against-

NEW YORK DINER, INC., MARIOS DINER,
INC., PAULA RIVADENEIRA, *and*
MARLOS AVLONITIS,

                        Defendants.
------------------------------------------------------------X

Case No.: 1:21-cv-217 (EK) (SJB)

**FIRST AMENDED
CLASS & COLLECTIVE
ACTION COMPLAINT**

      Plaintiff JOSE EDUARDO RODEA (hereinafter, "Plaintiff" or "Mr. Rodea"), by and through his attorneys, SHALOM LAW, PLLC., files this Complaint against Defendants, NEW YORK DINER, INC. (hereinafter "New York Diner"), MARIOS DINER, INC (hereinafter "Mario's Diner") (New York Diner and Mario's Diner collectively hereinafter the "Corporate Defendants"), PAULA RIVADENEIRA (hereinafter "Rivadeneira") and MARLOS AVLONITIS (hereinafter "Avlonitis") (Rivadeneira and Avlonitis collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants"), and states upon information and belief as follows:

## INTRODUCTION

    1.    Plaintiff brings this action to recover unpaid wages, overtime wages, liquidated damages, interest (pre- and post-judgment), spread-of-hours compensation, and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq.*) ("FLSA"), the wage orders promulgated thereunder by the United States Department of Labor ("USDOL") and codified at 29 C.F.R. §§ 500, *et seq.*, and

Articles 6, 7, and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 146, *et seq.* ("NYLL").

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked in excess of forty (40) hours for each workweek or the spread-of-hours pay each employee was entitled to for time worked in excess of ten (10) hours.

3. On December 1, 2019, Plaintiff was hired by Defendants to work for the Corporate Defendants as a kitchen employee.

4. Plaintiff regularly worked **in excess of fifty (50) hours per week**, but was not compensated properly for the actual number of hours he worked, including for his overtime hours each week, or for the spread-of- hours pay he was lawfully entitled to applicable under state and federal laws.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction), 29 U.S.C. § 201 *et seq.* (FLSA), and 28 U.S.C. § 1337 (interstate commerce).

6. This Court has supplemental jurisdiction over the New York State law claims, conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because the Corporate Defendants are located within this District.

## THE PARTIES

8. Plaintiff was a resident of Queens County, New York at all relevant times.

9. Plaintiff was hired by the Defendants on December 1, 2019.

10. The Corporate Defendants are each corporations authorized to do business under the laws of New York.

11. Upon information and belief, the Individual Defendants each reside in Kings County, New York and are each principals of the Corporate Defendants.

12. During all relevant times herein, the Defendants were all Plaintiff's employer within the meaning of the FLSA and the NYLL.

## NATURE OF THE ACTION

13. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. §§ 146, *et seq.* based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper minimum wage and overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours each week;

   ii. Defendants' failure to pay Plaintiff spread-of-hours compensation for every day he worked in excess of ten (10) hours, as required by NYLL §§ 190, *et seq.,* and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6; and

   iii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

14. Defendants have knowingly and willfully engaged in a policy, pattern, and practice of violating the FLSA and NYLL, as detailed in this Complaint.

## STATEMENT OF FACTS

15. At all times relevant hereto, the Defendants committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and Plaintiff has thus been economically injured.

16. Plaintiff worked for the Defendants from December 1, 2019 to September 21, 2020.

17. Plaintiff was hired by Defendants to work as a kitchen employee at their restaurant, the Corporate Defendants, located at 49-09 Northern Blvd, Long Island City, New York, 11101-1031.

18. Immediately after his hiring, Mr. Rodea began working grueling six (6) day, fifty-hour (54) workweeks for the Defendants at the Corporate Defendants.

19. Upon information and belief, Plaintiff was regularly scheduled to work six (6) shifts a week, each usually spanning from 6:00 a.m. to 3:30 pm each day.

20. According to this schedule, Plaintiff regularly worked at least fifty-seven (57) hours a week – without factoring in any of the days that Plaintiff worked past 3:30 p.m. or came in earlier than 6:00 a.m., which regularly occurred due to the Defendants' demanding manner.

21. Defendants knowingly, willfully, and intentionally assigned Plaintiff to work these fifty-seven (57) hour workweeks.

22. Yet, for these long hours, Defendants only paid Plaintiff a <u>flat nine-hundred dollars ($900) per week</u>, regardless of the actual number of hours he worked each week.

23. By paying him just this flat rate, Defendants <u>never</u> paid Mr. Rodea proper overtime wages for each overtime hour he worked.

24. Additionally, Defendants never paid Plaintiff the spread-of-hours compensation he was entitled to for each day that he worked an interval in excess of ten (10) hours, which was every day that his shift lasted past 3:30 p.m., which would often happen whenever the Corporate Defendants were busy.

25. Upon information and belief, the Defendants maintained records of the hours Plaintiff worked, yet no matter how those hours varied week-to-week, Plaintiff received only a flat nine hundred dollars ($900) for all the work he performed, in direct violation of the law.

26. At all relevant times during his employment with the Defendants, Plaintiff was <u>not</u> exempt under federal and state laws requiring employers to pay employees overtime.

27. Notwithstanding, at all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

28. The Defendants also knowingly and willfully failed to pay Plaintiff the spread-of-hours pay he was entitled to for every day he worked in excess of ten (10) hours.

29. Moreover, the Defendants have willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL and supporting regulations, by failing to provide Plaintiff with a time-of-hire wage notice detailing his rate(s) of pay and frequency of pay, neglecting to give Mr. Rodea any accurate wage statements, and entirely disregarding its duty to maintain accurate payroll records.

30. Upon information and belief, the Defendants, by and through their agents and employees, chose not to maintain adequate and accurate written records of actual hours worked and true wages earned by Mr. Rodea in order to facilitate their exploitation of his labor.

31. Upon information and belief, Defendants willfully and intentionally maintained a pattern and practice of unlawfully failing to appropriately compensate its employees and actively disregarding record-keeping requirements.

32. Additionally, as if Defendants had not economically injured Plaintiff enough, in September of 2020 when Plaintiff decided to quit his job, Defendants retaliated against Mr. Rodea for leaving by <u>wrongfully withholding his final week of pay</u> for the last week he worked.

33. Furthermore, on December 21, 2020, **mere hours** after receiving a confidential demand letter sent in a good faith attempt to right the wrongs done to Plaintiff, Defendants maliciously contacted Plaintiff – despite the demand letter's clear edict to direct all questions, inquiries, or other communications pertaining to this matter to *Mr. Rodea's retained counsel* and not to him personally – <u>only to threaten him for pursuing these claims</u>.

34. In addition, Defendants have conveyed messages of threats concerning the harm to befall Mr. Rodea and his family to other employees of the Defendants who have passed on these messages from Defendants to Mr. Rodea. This was done to intimidate and retaliate against Plaintiff for having the temerity to demand that he be paid properly.

35. Upon information and belief, it is clear that Defendants have knowingly, willfully, intentionally, and *maliciously* committed widespread violations of the FLSA and NYLL, entitling Mr. Rodea to his full pay, liquidated damages, as well as attorneys' fees & costs, and any and all other remedies this Court deems just, equitable, and proper.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

37. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

38. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

39. Plaintiff brings claims for relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all non-exempt employees (including but not limited to cooks, bakers, and drivers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

40. All said persons, including Plaintiff, are referred to herein as the "Class."

41. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

42. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

43. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime due to time shaving, (ii) failing to pay them the spread of hours premium for workdays exceeding ten (10) hours, (iii) failing to provide Class Members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

44. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

45. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where 6 individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

48. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

A. Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

B. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

C. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

D. Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

E. Whether Defendants improperly paid Plaintiff and the Class Members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

F. Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

G. Whether Defendants properly compensated Plaintiff and Class Members for all hours worked;

H. Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

I. Whether Defendants paid Plaintiff and the Class Members the spread of hours premium for workdays that exceeded ten (10) hours;

J. Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

K. Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL.

**STATEMENT OF CLAIMS**

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Wage Violations)**

49. Plaintiff repeats and realleges every paragraph above as though fully set forth herein.

50. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

51. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek, but was not compensated at a rate of one and a half times (1.5x) his hourly pay for each hour worked over forty (40).

52. At all relevant times hereto, Defendants operated under policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours he worked in excess of forty (40) hours per workweek.

53. Further, at all relevant times hereto, Defendants actively failed to keep accurate required records of the overtime worked by Plaintiff, both knowingly and willfully, in violation of the FLSA.

54. Instead, Defendants gave Plaintiff a flat nine hundred dollars ($900) a week to compensate him for both the regular and the overtime hours he worked each week.

55. As evidenced by Defendants' threatening text message to Mr. Rodea for retaining counsel to obtain rightful redress, Defendant was knowingly and intentionally disregarding its legal obligations under the FLSA.

56. Upon information and belief, Defendants' failure to pay Plaintiff at an accurate overtime rate in violation of the FLSA was not in good faith.

57. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 as Defendants has shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

58. Accordingly, Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and other such legal and equitable relief as this Court deems just and proper.

## **SECOND CLAIM FOR RELIEF**
**(NYLL Overtime Wage Violations)**

59. Plaintiff repeats and realleges every paragraph above as though fully set forth herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. New York law prohibits an employer from permitting an employee to work without paying overtime wages of one and a half times (1.5x) of his regular rate for all hours worked in excess of forty (40) in any workweek.

62. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times (1.5x) his regular rate of pay, for all hours worked in excess of forty (40) per workweek.

63. Again, as evidenced by the threatening text message Defendants sent Plaintiff after receiving his demand letter, Defendants' violation of the NYLL was also not in good faith.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL Failure to Notify)**

65. Plaintiff repeats and realleges every paragraph above as though fully set forth herein.

66. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

67. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage and pay statement, specifying his regular and overtime rates of pay, hours worked, and regular pay period.

68. Defendants willfully and knowingly failed to provide Plaintiff with any accurate wage notices or paystubs regarding any of the hours Plaintiff worked for the Defendants a blatant violation of §195 of the NYLL.

69. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(NYLL Failure to Keep Records)**

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. NYCRR § 146-2.1 requires that employers maintain, establish, and preserve an employee's weekly payroll records for a period of not less than six years

72. Defendants did not <u>ever</u> maintain, establish, or preserve *accurate* records of Plaintiff's weekly pay.

73. Upon information and belief, Defendants failed to maintain adequate and accurate written records of the actual hours worked and true wage earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

74. Defendants' failure to maintain accurate records was not in good faith.

75. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

### FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Provide Spread of Hours Compensation)**

76. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

77. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

78. By completely disregarding Plaintiff's hours spent working for Defendants past his off time during his 6 a.m. to 3:30 p.m. shifts, Defendants were willfully and knowingly avoiding paying Plaintiff the spread-of-hours pay he was owed for these shifts.

79. Thus, Defendants' failure to pay Plaintiff his due spread-of-hours pay constituted a willful violation of the NYLL, and was not in good faith.

## SIXTH CLAIM FOR RELIEF
**(FLSA Retaliation)**

80. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

81. Section 215(a)(3) of the FLSA prohibits "any person" from retaliating against an employee because he or she has "filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

82. Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title." Section 203(d) of the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," save for labor organizations.

83. The Corporate Defendants were Plaintiff's employer.

84. The Individual Defendants were Plaintiff's employer.

85. Plaintiff's lawful choice to quit his job in protest of Defendants' unfair pay practices constituted a protected activity under the FLSA.

86. Moreover, the demand letter sent to Defendants by his retained counsel constituted a formal "complaint," another protected activity under the FLSA.

87. Thus, Defendants' decision to withhold Plaintiff's last week of pay in response to Plaintiff quitting his job, and Defendants' threats sent Plaintiff after receiving Plaintiff's demand letter <u>both</u> constituted retaliation within the meaning of Section 215(a)(3) of the FLSA, as each action was taken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

88. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

89. Defendants committed the acts alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights. The acts taken toward Plaintiff were carried out by Defendant acting in deliberate, callous, and intentional manner with a desire to injure and damage.

90. Pursuant to Section 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**(NYLL Retaliation)**

91. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

92. Section 215.1(a) NYLL prohibits any "employer" from retaliating against an employee because he or she has "made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of" the NYLL. Section 215.2(a) of the NYLL establishes a right of action against "any employer or persons alleged to have violated the provisions of this section." Section2.6 of the NYLL defines "employer" as "the person employing any such [employee]."

93. The Corporate Defendants were Plaintiff's employer.

94. The Individual Defendants were Plaintiff's employer.

95. Plaintiff quitting his job constituted a protected activity under the NYLL.

96. Plaintiff's demand letter constituted a "complaint" alleging Plaintiff's violation of rights protected by the NYLL, a protected activity under the NYLL.

97. Defendants' actions of (1) withholding Plaintiff's final week of pay in response to him leaving his job with the Defendants, and (2) threatening Plaintiff after receiving his demand letter against constitute retaliation within the meaning of Section 215(1)(a) of the NYLL,, as they were taken in direct response to Plaintiff's assertion of workplace rights protected by the NYLL.

98. Plaintiff has duly served notice of this action upon the Attorney General of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of unpaid overtime wages, including due to Defendants' policy of time shaving under the FLSA and NYLL;

D. An award of unpaid spread of hours premium due under the NYLL;

E. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

F. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation and retaliation, pursuant to 29 U.S.C. § 216;

G. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, and retaliation, pursuant to the NYLL;

H. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

I. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

J. Designation of this action as a class action pursuant to F.R.C.P. 23;

K. Designation of Plaintiff as Representative of the Class; and

L. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
       September 15, 2021

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*