# SHALOM | LAW
### PLLC
#### ATTORNEYS & COUNSELORS - AT - LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** jonathan@shalomlawny.com
**Office:** 10513 Metropolitan Avenue, Forest Hills, NY 11375-6737

December 15, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.M.J.
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: **Rodea v. New York Diner, Inc.,** *et al.*
       Case No.: **1:21-cv-217 (BMC)**

Dear Judge Bulsara:

  This office represents Jose Eduardo Rodea (the "Plaintiff"). The Plaintiff submits this amended motion requesting the Court's approval of the parties' Settlement Agreement (the "Agreement") with Defendants New York Diner, Inc., Marios Diner, Inc., and Paula Rivadeneira (collectively hereinafter "the Defendants").[1] Following a <u>Cheeks</u>[2] hearing before this Court, Plaintiff writes to provide a status update concerning attorneys' fees and the release provision referenced in the earlier filed motion.

  The terms of the parties' revised Agreement, attached hereto as **Exhibit 1**, were reached after a mediation held on August 19, 2021 and a subsequent conference before this Court held on October 19, 2021 and continued negotiations thereafter.

  The parties submit this motion in support of their position that the Agreement is fair and reasonable and does not raise any of the concerns cited in <u>Cheeks</u>. The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So-Order or approve the Settlement Agreement as fair and reasonable.

  **I.**  **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

  **a. Plaintiff's Position**

  Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

---

[1] Plaintiff intends to file a notice of voluntary dismissal as against Individual Defendant Marlos Avlonitis.

[2] <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

Specifically, Plaintiff alleges that he was paid a flat weekly salary regardless of the number of hours he worked despite working in excess of forty (40) hours per week. Plaintiff alleged that he regularly worked in excess of forty (40) hours per week but was paid the same flat fee for all hours worked.

Plaintiff also alleged that they did not receive one (1) hour of pay at the applicable minimum wage when required to work in excess of ten (10) hours per shift, in violation of the NYLL spread of hours provision.

Plaintiff alleges that they he employed by Defendants as kitchen employee for Defendants' diner located in Queens. Plaintiff was employed from December 1, 2019 through September 21, 2020.

Plaintiff alleged that he regularly worked approximately fifty-seven (57) hours per week. However, Plaintiff alleged that he was paid the same regular flat weekly rate of pay, including those worked in excess of forty (40) hours per week.

Lastly, Plaintiff alleged that he was entitled to recover liquidated damages in an amount equal to his unpaid wages as well as recovery under NYLL §195 for Defendants' failure to provide compliant wage notices and wage statements.

If Plaintiffs were 100% successful on establishing all of their claims, they believe that they could have recovered unpaid wages in the range of $50,000.00 to $60,000.00.

Although Plaintiff was confident that he could succeed on all of his claims at trial, Plaintiff recognized the risks of continuing litigation and the records and defenses maintained by Defendants and preferred a guaranteed payment through a carefully-negotiated settlement agreement, especially in light of Defendants' representations that they would be unable to pay a large judgment. In agreeing to settle this matter for $35,000.00, Plaintiff considered Defendants' arguments and disagreements as to the dates of each Plaintiff's employments, the rates of pay paid to Plaintiff and the number of hours each Plaintiff worked per week. Plaintiff also acknowledged the voluminous time and pay records provided by Defendants in advance of mediation. Although Plaintiff disputed the accuracy of these records, particularly as to the number of hours that appeared on the records, Plaintiff understood their potential value at the time of trial and the difficulty he faced in establishing his burden of proof in light of those records.

Lastly, Plaintiff had concerns about the Defendants' financial abilities and Plaintiff's ability to collect on a larger judgment should they have prevailed at the time of trial, and Plaintiff preferred guaranteed payments following Court approval of the Settlement Agreement as opposed to the uncertainty of recovery after a trial at a later date in the future.

b. **Defendants' Position**

This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by one (1) individual against their former employer for alleged violations of federal and state minimum wage, overtime, spread-of-hours and recordkeeping violations.

The individual defendant Ms. Rodea owns and operates a diner in Long Island City, New York, where Plaintiff worked as a line cook. Before the COVID-19 pandemic, the business' hours of operation were from 7:00 a.m. to 3:00 p.m. After March 2020, the business changed its hours to 8:00 a.m. to 2:00 p.m.

According to the operative amended complaint filed on September 15, 2021 [Dckt. No. 22] (the "Amended Complaint", or the "*Am. Compl.*"), Plaintiff worked at the business as follows:

| Plaintiff | Start | End | Hours per Week | "Credited" Weekly Pay |
|---|---|---|---|---|
| Jose Eduardo Rodea | 12/1/2019 | 9/21/2020 | 57 | $900 |

*See Am. Compl*. at ¶ 16.

The Complaint alleges the following causes of action:

FIRST:   Unpaid overtime wages under the FLSA;

SECOND:   Unpaid overtime wages under the NYLL;

THIRD:   Failure to provide wage notices under the NYLL;

FOURTH:   Failure to provide wage statements under the NYLL;

FIFTH:   Unpaid Spread of Hours under the NYLL;

SIXTH:   Retaliation under the FLSA; and

SEVENTH:   Retaliation under the NYLL.

[*Id*. at ¶¶ 49-98].

Between August 6, 2021 and September 28, 2021 Defendants produced nearly one hundred individual pages, consisting of: (i) *signed* weekly time records; (ii) copies of checks that were cashed and deposited by Plaintiff; (iii) quarterly payroll records, provided by Defendants' accounting firm – J & J Accounting Tax Service, Inc.; (iv) IRS W-2 Forms; and (v) NYS-45 Forms. Thus, Defendants have business records in the instant case.

The document production significantly undermines Plaintiff's central allegations that: (i) he worked 57-hours, each and every week, for ten (10) months [*Am. Compl.* at ¶ 20]; and (ii) was paid a flat salary basis, that did not account for his hours worked. [*id*. at ¶ 22].

For example, according to the *signed* weekly time record for the pay period ending on August 9, 2020, Plaintiff worked a total of **50.5 hours** as follows:

| Day | Start Time | End Time | Hours |
|---|---|---|---|
| Tuesday, August 3, 2020 | 6:45 a.m. | 3:15 p.m. | 8.5 |
| Wednesday, August 4, 2020 | 6:45 a.m. | 3:15 p.m. | 8.5 |
| Thursday, August 5, 2020 | - | - | - |
| Friday, August 6, 2020 | 6:45 a.m. | 3:15 p.m. | 8.5 |

| | | | |
|---|---|---|---|
| e | 6:50 a.m. | 3:15 p.m. | 8.5[3] |
| e | 6:45 a.m. | 3:15 p.m. | 8.5 |
| Wednesday, August 9, 2020 | 7:30 a.m. | 3:30 p.m. | 8 |
| | | **Total:** | 50.5 |

Throughout the relevant period, Plaintiff was paid an hourly base rate of $15 / hr.

Plaintiff's lawful gross wages for the pay period ending August 9, 2020 should have been $836.25, *i.e.,* $600 (40 x $15) + $236.25 (10.5 x $22.50).

According to the *signed* weekly time record for that week Plaintiff received $237 in cash, and a check in the gross amount of $600.

According to the corresponding cashed and deposited check for that week, Plaintiff received $473.35, representing his $600, *after deductions*.

The quarterly payroll records, provided by Defendants' accounting firm – J & J Accounting Tax Service, Inc., corroborate the fact that Plaintiff's weekly wages accounted for applicable taxes and withholdings.

Thus, Defendants have satisfied their obligation to maintain "records of employee wages, hours, tips, and other conditions and practices of employment." 29 U.S.C. § 211(c); 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 142–2.6.

A side-by-side comparison of true and correct copies of Plaintiff's printed name and signature as they appear: (i) in the *signed* weekly time record for the pay period ending in August 9, 2020, and (ii) Plaintiff's consent to sue form, dated January 11, 2021 [Dckt. No. 1 at p. 21], is reproduced below:



Thus, the signature on the weekly time records matches the signature in Plaintiff's Court filings.

While Defendants are very confident that that a Motion for Summary Judgment would result in, *inter alia*, the disposition of the instant action, Defendants remain wiling to settle the instant matter. Defendants' willingness to settle the instant matter is simply a business decision, to avoid the costs and expense of defense, and is in no way a reflection of the strengths and weaknesses of Plaintiff's underlying claims.

---

[3] Defendants' records show that for this workday, Defendants rounded up from 8.33 to 8.5 hours.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims and any prospective counterclaims asserted in this matter for $35,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the records and defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement was achieved with through both a Court-annexed mediation program with the assistance of an experienced and qualified wage-and-hour neutral as well as a settlement conference before this Court. The parties had genuine, *bona fide* disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff, and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. The amount also takes into account what the Defendants could feasibly afford to pay in light of their financial status. As such, the amount falls within a reasonable range of recovery for the Plaintiffs.

## II.   The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

The parties in this matter have agreed to a limited release of wage-and-hour claims in this action. The parties believe that the releases provided for in the Agreement are fair and reasonable.

In addition, the Settlement Agreement does not contain any confidentiality or overbroad non-disparagement provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by <u>Cheeks</u>.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in <u>Cheeks</u>.

## III.   Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

### a. Distribution to the Plaintiff

The parties agreed to a global settlement of $35,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover an aggregate amount of $22,595.33 after deducting attorneys' fees and costs.

b. **Plaintiffs' Counsel's Requested Attorneys' Fees and Expenses**

Plaintiffs' counsel respectfully requests $12,404.67 for attorneys' fees, inclusive of costs, which include:

- the Eastern District of New York filing fee in this matter: $402.00;
- the costs of service of the Summons and Complaint on Defendants in this matter: $335.00;
- the costs of research into corporate records for the Defendants: $70.00; and
- the costs of the Court-annexed mediation: $300.00.

Plaintiff's counsel respectfully requests attorneys' fees of $11,297.67 in attorneys' fees, equal to a third. This is accepted by the Second Circuit as presumptively reasonable. Therefore, if this request is approved, the total amount to be paid to the attorneys for fees and expenses in this matter is $12,404.67, and the entire settlement amount is otherwise broken down as follows:

**Settlement Amount:** $35,000.00
**Attorneys' Expenses:** $1,107.00
**Settlement less Expenses:** $33,893.00 ($35,000.00 - $1,107.00)
**Requested Attorneys' Fees:** $11,297.67
**Total payable to Attorneys:** $12,404.67 ($11,297.67 + $1,107.00)
**Total payable to Plaintiff:** $22,595.33 ($35,000.00 - $12,404.67)

Plaintiff's attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. As such, the fee requested is reasonable in relation to the recovery received by Plaintiff. Defendants take no position on Plaintiff's submission concerning attorneys' fees.

**Conclusion**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of arms-length negotiation at a Court-annexed mediation before a court-certified wage-and-hour neutral and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. Further, as discussed at the Cheeks hearing, Plaintiff requests an Order directing Defendants to provide a fully executed agreement by December 23, 2021. Plaintiff thanks the Court for its consideration and remain available to provide any additional information.

Dated: Forest Hills, New York
      December 15, 2021                             Respectfully submitted,

                                                   **SHALOM LAW, PLLC**
                                                   /s/ *Jonathan Shalom*
                                                   Jonathan Shalom, Esq.
                                                   105-13 Metropolitan Avenue
                                                   Forest Hills, NY 11375
                                                   Jonathan@ShalomLawNY.com
                                                   (718) 971-9474 (office)

                                                   *Attorneys for Plaintiff*